## SILIMON v STATE OF FLORIDA
### Case No. 86-152 AC (County Court Case No. 94266, 1 MW)
Eleventh Judicial Circuit, Appellate Division, Dade County

June 22, 1988

### APPEARANCES OF COUNSEL

**Bennett H. Brummer,** Public Defender and **Harvey J. Sepler,** Assistant Public Defender for appellant.

**Jim Smith,** Attorney General and **Deborah J. Turner,** Assistant Attorney General, for appellee.

Before SALMON, SHAPIRO, DONNER, JJ.

### OPINION OF THE COURT

PER CURIAM.

The defendant petitioned this court to review a lower court's ruling

128

in which the defendant was found guilty of driving/actual physical control of a motor vehicle while under the influence of alcohol, and with an unlawful blood alcohol level (DWI) in violation of Florida Statute § 316.193. As a result of this conviction the defendant had his driver's license permanently revoked, was ordered to serve 20 days in jail (on weekends), and was fined $1,150.75. The defendant seeks reversal of these findings on the basis of three arguments: (1) the trial court erred in denying the defendant's Motion to Suppress evidence which was obtained as a result of an illegal and unconstitutional seizure of the defendant; (2) the defendant's due process rights were violated when the trial court refused to consider evidence of defendant's indigence because defendant stated his intention to appeal the denial of his Motion to Suppress; and (3) the trial court's permanent revocation of defendant's license was in violation of the statutory thresholds requirement stating that there must be a prior conviction of this offense which occurred after July 1, 1982. We affirm the denial of the Motion to Suppress, remand for resentencing, and find the statutory requirements for the revocation of defendant's license were not met.

The facts are not in dispute. Testimony was elicited from the sole witness, Officer Benson. The officer testified that on February 6, 1986 at 11:30 p.m., the defendant pulled his car to a spot directly behind his parked police vehicle, and then came to a complete stop adjacent to the right side of the police car. The defendant opened his car door, and the officer responded by opening his car door and getting out of the car. Officer Benson testified that when drivers pull up to a marked patrol in this manner they are usually seeking assistance or directions.

The officer observed Mr. Silimon leaning forward and apparently "messing with something, either by the console or underneath the right front seat." Officer Benson then asked the defendant if he needed help, and the defendant answered in a "slurred voice" which the officer did not understand. The officer then asked the defendant to get out of his car so that he could see the defendant's hands. This was done in response to the officer's concern over what the defendant was "reaching under the seat for." Officer Benson observed the defendant "sway, almost stagger, and had difficulty getting out of the car." Officer Benson walked up to the defendant, "smelled the alcoholic beverages and then offered him the roadside tests."

On cross-examination, Officer Benson testified that he "didn't notice anything bad about the defendant's driving;" that the defendant "parked in a normal fashion;" that the defendant ultimately told the officer that "he was trying to adjust his rug" under the console and

129

front seat; and that it was not until the defendant complied with the order to get out, so that his hands were visible, that the officer went over to him, smelled alcohol on his breath, and called for a routine back-up for administration of the roadside test.

The defense argued that the officer lacked sufficient probable cause to approach the defendant's car, order him out and administer the test. The defense further argued that as a result of the foundationless, illegal stop and detention, the physical evidence should have been suppressed.

The lower court denied the motion to suppress without explanation. Following the denial, the defendant changed his plea to no contest, reserving the right to appeal the denial. At that point the defendant proposed that the court consider the sentence negotiation made earlier with the state. The court initially refused to hear about the plea but eventually consented to hear the matter. The state volunteered that in addition to the twenty days jail time—to be served on weekends, extended countermeasure school, one year reporting probation, and permanent driver's license revocation, the fine be converted to a required 200 hours of community service. The court responded by stating that "We won't convert anything if he's going to appeal. We won't convert nothing."

The first argument by the defendant concerns the belief that the defendant's Motion to Suppress was incorrectly denied. This is based on the defendant's contention that there was an unjustifiable seizure of the defendant. The defense cites several cases which maintain that the police must have a well-founded suspicion that the defendant is committing or has just committed a crime. The defense further states that there should be a balancing test employed under the Fourth Amendment, weighing the strength of the personal intrusion against the reasonableness of the police suspicion. Certainly an officer asking a stopped motorist who has pulled to the side of his car if he needs any assistance is not an unreasonable intrusion. The officer saw suspicious movements by the defendant coupled by a slurred response to his question. The defendant also had great difficulty in getting out of his car. All of the facts point toward a reasonable and responsible handling of the situation by the officer.

The defendant's next point of contention relates to the denial of the conversion of the fine imposed by the court into 200 hours of community service. Both sides agree that the defendant is indigent, and the state had agreed to such an arrangement. The state is correct in pointing out that it is merely discretionary whether the judge converts the fine into community service. The state is also correct in noting that

130

the fine issued was only slightly higher than the minimum requirement set by statute. The defense is correct in noting that under § 316.193, of the Florida Statutes, the court may provide for community service for an indigent defendant in lieu of a fine.

The conversion is obviously discretionary and not mandatory, subject to judicial interpretation. The circumstances surrounding this case are somewhat unique, however, and a closer examination of the record is necessary in this case. While the judge was exercising his own discretion, as afforded under Florida law, he clearly stated several times that he was not going to allow the conversion of the fine into community service specifically because the defendant was going to appeal the judge's decision to deny his Motion to Suppress. The judge stated on two different occasions: "We won't convert anything if he's going to appeal. We won't convert nothing . . . . There will be no conversion if he's going to appeal. Then, the fine will remain." We find this an abuse of the judge's discretionary power, and in violation of the defendant's constitutional right to appeal. Upon remand, the trial judge shall reconsider, in the exercise of his discretion, whether or not to convert the fine to community service.

The third issue in this case requires a close examination of § 322.28(f), Florida Statutes, which states:

the court shall permanently revoke driver's license of a person who has been convicted four times for violation of §§ 315.193 or 316.1931 . . . this paragraph applies only if at least one of the convictions . . . was for a violation that occurred after July 1, 1982.

The record shows that the defendant has been convicted previously for violating this section.

An examination of the current statute and its predecessors leads to the inescapable conclusions that one of the convictions preceding the conviction upon which sentence is being imposed must have occurred after July 1, 1982.

Reversed and remanded for further proceedings not inconsistent with this opinion.

SHAPIRO and DONNER, JJ. concur.